18.5254

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY OF FLORIDA, ) ) ) *Plaintiff*, ) ) ) v. ) ) JSN NETWORK, INC., MCHENRY DONUTS, INC. ) D/B/A DUNKIN' DONUTS AND BASKIN ) ROBBINS and BRIANNA CASTELLI, ) ) *Defendants.* ) | Case No. 1:24-cv-9319 |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, NATIONWIDE INSURANCE COMPANY OF FLORIDA ("Nationwide"), by and through its attorneys, Jacob C. Beaupre and Christopher J. Pickett of LINDSAY, PICKETT & POSTEL, LLC, and for its Amended Complaint for Declaratory Judgment against the Defendants, JSN NETWORK, INC. ("JSN"), MCHENRY DONUTS, INC. D/B/A DUNKIN' DONUTS AND BASKIN ROBBINS ("McHenry Donuts"), and BRIANNA CASTELLI ("Castelli"), alleges as follows:

### INTRODUCTION

1. Nationwide seeks a declaration that it does not owe a duty to defend or indemnify JSN or McHenry Donuts, with respect to an underlying class action lawsuit brought by Castelli styled as *Brianna Castelli v. JSN Network, Inc., et al.*, case no. 1:24-cv-04574, in the United States District Court for the Northern District of Illinois ("the underlying litigation"). As set forth below, the allegations in the underlying litigation are not covered under the Nationwide policies since they do not constitute "bodily injury," "property damage," or "personal and advertising injury" caused by an "occurrence." Alternately and additionally, the allegations in the underlying lawsuit

fall within various exclusions in the Nationwide policies. Finally, McHenry Donuts does not qualify as an "insured" on those policies.

## THE PARTIES

2. Nationwide is an Ohio corporation, headquartered in Columbus, Ohio, and accordingly is a citizen of the State of Ohio.

3. JSN is an Illinois corporation with its principal place of business located in Lake Zurich, Illinois, and accordingly is a citizen of the State of Illinois.

4. McHenry Donuts is an Illinois corporation with its principal place of business located in McHenry, Illinois, and accordingly is a citizen of the State of Illinois.

5. Brianna Castelli is an individual residing in Fox Lake, Lake County, Illinois. She intends to remain residing in Illinois and is therefore a citizen of the State of Illinois. Castelli is named herein only in that she may be deemed a necessary party with an interest in the subject matter of this action. Nationwide seeks no relief from Castelli, other than to the extent, if any, that she is interested in the subject matter of this action, that she be bound by the judgment sought herein. If Castelli, or her duly authorized representatives, will sign a stipulation to that effect, then Nationwide will voluntarily dismiss her as a defendant.

## JURISDICTION & VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiff, which is a citizen of Ohio, and the defendants, which are citizens of Illinois, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this litigation occurred in this judicial district.

## THE UNDERLYING LITIGATION

8. On June 3, 2024, Castelli filed a class action complaint against JSN and McHenry Donuts in the United States District Court for the Northern District of Illinois, case no. 1:24-cv-04574, seeking to recover for alleged violations of the Family and Medical Leave Act after being discharged from her employment with JSN and McHenry Donuts.

9. On October 28, 2024, Castelli filed an amended class action complaint alleging additional facts surrounding her termination of employment with McHenry Donuts and JSN and revising her causes of action against JSN and McHenry Donuts. A true and correct copy of the complaint is attached hereto as **Exhibit A**.

10. The underlying complaint alleges that Castelli requested a leave of absence to care for her child with autism and that her leave of absence was covered by the Family and Medical Leave Act. Ex. A, ¶¶ 35—38.

11. The underlying complaint alleges that Castelli was informed by JSN that she could not be at her place of employment and would be assigned to a store that operates 24 hours a day. Ex. A, ¶¶ 39, 47.

12. The underlying complaint alleges that Castelli informed her manager that she could not work at a store that operates 24 hours a day due to childcare responsibilities and that JSN terminated Castelli's employment after she requested a leave of absence. Ex. A, ¶¶ 48, 53.

13. The underlying complaint alleges that during Castelli's employment she requested 401(k) benefits but was never offered any 401(k) benefits. Ex. A, ¶ 59, 61.

14. The underlying complaint asserts that JSN had a uniform practice of not providing employees with "FMLA benefits, not providing paid time off, and not providing 401(k) benefits." Ex. A, ¶ 74.

15. The underlying complaint asserts claims for Retaliatory Discharge/Punitive Damages (Illinois common law claim), Retaliatory Discharge/Punitive Damages (Illinois common law and Illinois Wage Payment and Collection Act – 820 ILCS 115/1, *et seq.*), Retaliation under the Family and Medical Leave Act (29 U.S.C. § 2615(a)(2)), and Family and Medical Leave Act interference in violation of 29 U.S.C. § 2615(a)(1).

### THE NATIONWIDE POLICIES

16. Nationwide issued to JSN and JSN Group, LLC a premier businessowners policy, numbered ACP BP013057857666, effective August 11, 2021 through August 11, 2022, with liability limits of $1,000,000 (the "Nationwide policy"). The Nationwide policy was renewed consecutively through August 11, 2024 under sequential policy numbers ACP BP013067857666 and ACP BP013077857666 (collectively, the "Nationwide policies"). A true, correct and complete copy of the Nationwide policies are attached hereto as **Exhibits B, C and D**.

17. The Nationwide policies must be interpreted as a whole, but for the convenience of the Court and counsel, Nationwide sets forth certain pertinent provisions from the policies' CGL coverage, as follows:

> **PREMIER BUSINESSOWNERS LIABILITY COVERAGE FORM[1]*****
>
> **I. COVERAGES**
> **A. COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>     **1. INSURING AGREEMENT**
>         a. We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy.

---

[1] The quoted policy language is substantively identical across all three policies.

4

> HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

**2.    EXCLUSIONS**

This insurance, including any duty we have to defend "suits", does not apply to:

**a.    Expected Or Intended Injury**

"Bodily injury" or "property damage" which is expected or intended by the insured.

This exclusion applies even if the resulting "bodily injury" or "property damage":
(1) Is of a different kind, quality or degree than initially expected or intended; or
(2) Is sustained by a different person, entity, real property, or personal property than that initially expected or intended.

HOWEVER, this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.***

**d.    Laws**

Any liability or legal obligation of any insured with respect to "bodily injury" or "property damage" arising out of any of the following:

(1)    Any federal, state, county, municipal or local law, ordinance, order, directive or regulation barring discrimination, including but not limited to those based on race, color, national origin, ancestry, citizenship, gender, sexual orientation, marital status, religion or religious belief, age, economic status, income, medical condition, pregnancy, parenthood or mental or physical disability;

(2)    Any workers' compensation, unemployment compensation, disability benefits law, or any other statutory benefits law;***

(5)    The Employees' Retirement Income Security Act (E.R.I.S.A.) of 1974; or

(6)    Any other similar statutes, ordinances, orders, directives or regulations.***

5

    t.    **Employment Practices**
"Bodily injury" to:
(1) A person arising out of any:\*\*\*
    (b) Termination of that person' employment; or
    (c) Employment-related practices policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person
(2) The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b), or (c) above is directed.
This exclusion applies:
(1) Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person;
(2) Whether the insured may be liable as an employer or in any other capacity; and
(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.\*\*\*

**B.**   **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**
  **1.**   **INSURING AGREEMENT**
    a.  We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy.\*\*\*

  **2.**   **EXCLUSIONS**
This insurance, including any duty we have to defend "suits", does not apply to personal and advertising injury:
    a.  **Knowing Violation Of Rights Of Another**
Caused by or at the direction of the insured with the knowledge that the act would violate

6

    the rights of another and would inflict "personal and advertising injury".***

 **q.** **Laws**
Any liability or legal obligation of any insured arising out of any of the following:
(1) Any federal, state, county, municipal or local law, ordinance, order, directive or regulation barring discrimination, including but not limited to those based on race, color, national origin, ancestry, citizenship, gender, sexual orientation, marital status, parenthood, religion or religious belief, age, economic status, income, medical condition, pregnancy, or mental or physical disability;
(2) Any workers' compensation, unemployment compensation, disability benefits law, or any other statutory benefits law;***
(5) The Employees' Retirement Income Security Act (E.R.I.S.A.) of 1974; or
(6) Any other similar statutes, ordinances, orders, directives or regulations.***

 **s.** **Employment Practices**
To:
(1) A person arising out of any:***
 (b) Termination of that person's employment; or
 (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person.
(2) The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b), or (c) above is directed.
This exclusion applies:

7

   (1) Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person;

   (2) Whether the insured may be liable as an employer or in any other capacity; and

   (3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.\*\*\*

 V. **DEFINITIONS**\*\*\*

  3. **"Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.\*\*\*

  14. **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

  15. **"Personal and advertising injury"** means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
   a. False arrest, detention or imprisonment;
   b. Malicious prosecution;
   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
   f. The use of another's advertising idea in your "advertisement"; or
   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".\*\*\*

  18. **"Property damage"** means:
   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of

        use shall Be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. There may be other pertinent provisions in the Nationwide policies, and Nationwide reserves the right to plead them in the future.

## COUNT I
### NO DUTY TO DEFEND OR INDEMNIFY JSN

19. Nationwide restates and incorporates the allegations in paragraphs 1 through 18 above, as if set forth fully herein.

20. Nationwide does not owe a duty to defend or indemnify JSN with respect to the underlying litigation for one or more of the following reasons:

    a.    The complaint does not allege any "*bodily injury*";

    b.    The complaint does not allege any "*property damage*";

    c.    The Nationwide policies' exclusion for expected or intended injury, exclusion **a.**, eliminates any coverage that might otherwise exist;

    d.    The Nationwide policies' exclusion for laws, exclusion **d.**, eliminates any coverage that might otherwise exist;

    e.    The Nationwide policies' exclusion for employment practices, exclusion **t.**, eliminates any coverage that might otherwise exist;

    f.    The complaint does not allege any "*personal and advertising injury*";

    g.    Any coverage for "*personal and advertising injury*" is eliminated by the "Knowing Violation of Rights of Another" exclusion.

    h.    Any coverage for "*personal and advertising injury*" is eliminated by the "Laws" exclusion.

    i.    Any coverage for "*personal and advertising injury*" is eliminated by the "Employment Practices" exclusion.

9

      j.      To the extent there are other bases on which Nationwide can properly deny coverage, Nationwide reserves the right to plead them in the future.

21. There may be other bases on which Nationwide can properly deny coverage to JSN, and Nationwide reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, NATIONWIDE INSURANCE COMPANY OF FLORIDA, prays that this Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify JSN NETWORK, INC., in the underlying litigation, and for such other relief as this Court shall deem just and appropriate.

## COUNT II

### NO DUTY TO DEFEND OR INDEMNIFY MCHENRY DONUTS

22. Nationwide restates and incorporates the allegations in paragraphs 1 through 18 above, as if set forth fully herein.

23. Nationwide does not owe a duty to defend or indemnify McHenry Donuts with respect to the underlying litigation for one or more of the following reasons:

      a.      McHenry Donuts does not qualify as an "insured" on the Nationwide policies;

      b.      The complaint does not allege any "*bodily injury*";

      c.      The complaint does not allege any "*property damage*";

      d.      The Nationwide policies' exclusion for expected or intended injury, exclusion **a.**, eliminates any coverage that might otherwise exist;

      e.      The Nationwide policies' exclusion for laws, exclusion **d.**, eliminates any coverage that might otherwise exist;

      f.      The Nationwide policies' exclusion for employment practices, exclusion **t.**, eliminates any coverage that might otherwise exist;

      g.      The complaint does not allege any "*personal and advertising injury*";

  h. Any coverage for "*personal and advertising injury*" is eliminated by the "Knowing Violation of Rights of Another" exclusion.

  i. Any coverage for "*personal and advertising injury*" is eliminated by the "Laws" exclusion.

  j. Any coverage for "*personal and advertising injury*" is eliminated by the "Employment Practices" exclusion.

  k. To the extent there are other bases on which Nationwide can properly deny coverage, Nationwide reserves the right to plead them in the future.

24. There may be other bases on which Nationwide can properly deny coverage to McHenry Donuts, and Nationwide reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, NATIONWIDE INSURANCE COMPANY OF FLORIDA, prays that this Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify MCHENRY DONUTS, INC. D/B/A DUNKIN' DONUTS AND BASKIN ROBBINS, in the underlying litigation, and for such other relief as this Court shall deem just and appropriate.

  Respectfully submitted,

  **LINDSAY, PICKETT & POSTEL, LLC**

  By: */s/ Christopher J. Pickett*
    Christopher J. Pickett, One of the attorneys
    for Plaintiff, Nationwide Insurance
    Company of Florida

Christopher J. Pickett (ARDC #6287096)
cpickett@lpplawfirm.com
312-596-7779
Jacob C. Beaupre (ARDC #6335547)
jbeaupre@lpplawfirm.com
312-625-9306
**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison Street, Suite 3850
Chicago, IL 60606
Fax: (312) 629-1404
*Attorneys for Plaintiff*