UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY OF FLORIDA, <br><br> Plaintiff, <br><br> v. <br><br> JSN NETWORK, INC., MCHENRY DONUTS, INC. d/b/a DUNKIN' DONUTS AND BASKIN ROBBINS AND BRIANNA CASTELLI, <br><br> Defendants. | No. 24 CV 9319 <br><br> Judge Georgia N. Alexakis |

## ORDER

For the reasons below, the Court grants the motion for summary judgment by plaintiff Nationwide Insurance Company of Florida ("Nationwide"). [26].

## STATEMENT

In this action, Nationwide seeks a declaration that it does not owe a duty to defend or indemnify defendants JSN Network, Inc. ("JSN"), or McHenry Donuts, Inc. d/b/a Dunkin' Donuts and Baskin Robbins ("McHenry Donuts"), with respect to a class action lawsuit filed by defendant Brianna Castelli ("Castelli"). *See Castelli v. JSN Network, Inc., et al.*, 24 CV 4574 (N.D. Ill.).

The Court previously entered default against JSN and McHenry Donuts. [21]. Nationwide subsequently moved for summary judgment. [26]. The Court entered a briefing schedule on the motion, which established that defendant Castelli's response was due by March 31, 2025, and after Castelli failed to meet that deadline, the Court sua sponte extended it to May 16, 2025. [25], [27]. Defendant Castelli did not respond to the motion.

When a nonmovant fails to timely respond to a motion for summary judgment, the district court may accept the movant's Local Rule 56.1 facts so long as they are supported by record evidence. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). The Court has determined that plaintiff's statement of material facts, [26] at 2–11, is supported by record evidence and therefore accepts them. Those facts are as follows:

In the underlying litigation, Castelli brought a class action complaint against JSN and McHenry Donuts seeking to recover for alleged violations of the Family and Medical Leave Act and Illinois Wage Payment and Collection Act after being discharged from her employment with JSN and McHenry Donuts. [26] ¶ 1; [26-1]. In an amended complaint, Castelli alleged additional facts surrounding her termination. [26] ¶ 2.[1] In particular, Castelli alleged that she requested a leave of absence to care for her child with autism; that her leave of absence was covered by the Family and Medical Leave Act; that JSN informed Castelli that she would be re-assigned to a store that operates 24 hours a day; that Castelli informed her manager that she could not work at a store that operates 24 hours a day due to childcare responsibilities; and that JSN terminated Castelli's employment after she requested the leave of absence. [26] ¶¶ 3–5; Am. Compl. ¶¶ 35–39, 47–48, 50, 53, 56.

Castelli also alleged that during her employment she requested 401(k) benefits but was never offered any 401(k) benefits and that JSN had a uniform practice of not providing employees with "FMLA benefits, not providing paid time off, and not providing 401(k) benefits." [26] ¶¶ 6–7; Am. Compl. ¶¶ 59–61, 74.

Castelli asserted claims against JSN and McHenry Donuts for Retaliatory Discharge/Punitive Damages (Illinois common law claim), Retaliatory Discharge/Punitive Damages (Illinois common law and Illinois Wage Payment and Collection Act – 820 ILCS 115/1, et seq.), Retaliation under the Family and Medical Leave Act (29 U.S.C. § 2615(a)(2)), and Family and Medical Leave Act interference in violation of 29 U.S.C. § 2615(a)(1). [26] ¶¶ 9; Am. Compl. ¶¶ 80–158. She also alleged that JSN and McHenry Donuts acted with fraud, malice, deliberate violence or oppression, willfully, and with gross negligence as to indicate a wanton disregard of the right of others. [26] ¶ 8; Am. Compl. ¶¶ 109, 146.

Nationwide issued to JSN a premier businessowners policy, effective August 11, 2021, to August 11, 2022, with liability limits of $1,000,000. [26] ¶ 10. This Nationwide policy was renewed consecutively to August 11, 2024, under sequential policy numbers ACP BP013067857666 and ACP BP013077857666 (collectively, the "Nationwide policies"). *Id.* The relevant policy language is substantively identical across all three policies. *Id.* ¶ 11; *see generally* [26-2].

---

[1] Nationwide's motion represents that it has attached the amended complaint as Exhibit A, [26] at 2, but Exhibit A only reflects the original complaint, *see* [26-1]. The Court located the amended complaint on the docket for the underlying litigation, *see Castelli*, 24 CV 04574 (N.D. Ill.), Dkt. 32, and takes judicial notice of the amended complaint as a public record (without crediting the truth of its allegations). *See Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned."); *see also* [13] ¶¶ 8–15 (Castelli admits that she filed the amended complaint and adds that this document "speaks for itself"). Citations to Castelli's amended complaint will appear as "Am. Compl.," followed by the relevant paragraph number(s).

In particular, the Nationwide policies each contain the PREMIER BUSINESSOWNERS LIABILITY COVERAGE FORM PB 00 06 01 17 that provides general liability coverage under Coverage A for "bodily injury" or "property damage" "caused by an 'occurrence,'" [26-2] at NW086, NW323, NW474), and under Coverage B for "personal and advertising injury," *id.* at NW095, NW332, NW483. With respect to Coverage A, the policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time," [26-2] at NW105, NW342, NW493); "property damage" is defined as "[p]hysical injury to tangible property" and "[l]oss of use of tangible property that is not physically injured," *id.* at NW108, NW345, NW496; and "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," *id.* at NW107, NW344, NW495. With respect to Coverage B, the policies define "personal and advertising injury" as including a number of specific offenses: false arrest, detention or imprisonment; malicious prosecution; wrongful eviction; oral or written publication of material that libels, slanders, or disparages a person or organization or disparages a person's or organization's goods, products, or services; oral or written publication of material that libels, slanders, or violates a person's right to privacy; and misappropriation and copyright infringement in advertising. *Id.* at NW107–08, NW344–45, NW495–96.

The Court now takes these supported and uncontroverted facts and assesses them under the applicable state law—here, Illinois. Federal courts sitting in diversity interpret insurance policies under state law. *See Nat'l Am. Ins. Co. v. Artisan & Truckers Cas. Co.*, 796 F.3d 717, 723 (7th Cir. 2015). In deciding which state's law to apply, courts "look to the choice-of-law rules of the forum state"—here, Illinois. *See Paulsen v. Abbott Lab'ys*, 39 F.4th 473, 477 (7th Cir. 2022). "Under Illinois choice-of-law rules, the forum state's law applies 'unless an actual conflict with another state's law is shown, or the parties agree that forum law does not apply.'" *Id.* (quoting *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 808 (7th Cir. 2020)). Here, there is no suggestion of a conflict with another state's law. Nationwide has not suggested there is one, relying instead only on Illinois law in its summary-judgment motion. *See Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010) ("No party raises a choice of law issue and therefore, as did the district court, we apply the law of the forum state, Illinois."). And although Nationwide has not addressed whether its policies contain a choice-of-law provision, the Court's own review of the policies has not turned up such a provision. *See generally* [26-2]. Instead, the Court has seen references throughout the policies to applicable Illinois law. [26-2] at NW23, NW149.

Under Illinois law, Nationwide's duty to defend is determined by comparing the four corners of the underlying complaint with the four corners of the insurance contract. *See Country Mutual Insurance Co. v. Dahms*, 2016 IL App (1st) 141392, ¶ 37. "No duty to defend arises when it is clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *State Farm Fire and Cas. Co. v. Young*, 2012 IL App

3

(1st) 103736, ¶ 13 (cleaned up). "[W]hen the underlying complaint does not allege even a single theory potentially within coverage, the insurer may justifiably refuse to defend against the underlying action." *L.J. Dodd Const., Inc. v. Federated Mut. Ins. Co.*, 365 Ill. App. 3d 260, 262 (2d Dist. 2006).

"[W]here there is no duty to defend, there will be no duty to indemnify." *See Crum & Forster Managers Corp. v. Resol. Tr. Corp.*, 156 Ill. 2d 384, 398 (1993); *see also id.* (noting that "the duty to defend is broader than the duty to indemnify"); *accord Keystone Consol. Indus., Inc. v. Emps. Ins. Co. of Wausau*, 456 F.3d 758, 762 (7th Cir. 2006) ("[I]f the insurance policy does not cover what is alleged in the claim, the insurer will not have a duty to indemnify based on that claim.").

Castelli's complaint in the underlying litigation alleges no injury that fits any of the relevant definitions set forth in the Nationwide policies. There is no allegation of bodily injury or property damage, and there is no cause of action that approximates any of the offenses that would trigger coverage under Coverage B. Instead, Castelli has alleged that JSN and McHenry Donuts denied her request for medical leave and ultimately terminated her employment because of that request and further alleges that JSN and McHenry Donuts did not provide a 401(k) and paid time off benefits, as required by law. As Nationwide appropriately argues, "these are merely allegations of economic loss—not bodily injury or property damage." [26] at 5. In addition, for purposes of the term "occurrence," Castelli's complaint alleges nothing accidental about her former employers' conduct. Instead, as noted earlier, she clearly alleges that JSN and McHenry Donuts acted with fraud, malice, deliberate violence or oppression, willfully, and with gross negligence as to indicate a wanton disregard of the right of others. [26] ¶ 8; Am. Compl. ¶¶ 109, 146.

Therefore, there is no potential for coverage under Coverage A or Coverage B, and Nationwide has no duty to defend or to indemnify JSN or McHenry Donuts. Because the Court comes to this conclusion based on the allegations in Castelli's complaint and the plain language of the Nationwide policies, it does not address Nationwide's arguments, in the alternative, that even if Castelli's complaint in the underlying litigation alleged a covered injury, various exclusions would negate Nationwide's duty to defend or indemnify and/or that McHenry Donuts does not qualify as an insured. [26] at 6–9.

## CONCLUSION

For the above reasons, the Court grants the motion for summary judgment by plaintiff Nationwide. [26]. Declaratory judgment to enter. Civil case terminated.

Date: 7/28/25

Georgia N. Alexakis
U.S. District Judge